**Elise D. McINTOSH, et al., Plaintiffs,**

v.

**Caspar W. WEINBERGER, et al., Defendants.**

No. 82–0491 C (5).

United States District Court, E.D. Missouri.

May 24, 1984.

Louis Gilden, St. Louis, Mo., for plaintiffs.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., Capt. Richard Hatch, Peter B. Loewenberg, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

This matter is before the Court on defendant Turner's motion to dismiss or for summary judgment. Defendant Turner advocates three grounds on which this Court should dismiss all claims against him or grant summary judgment in his favor. The grounds asserted are that: 1) this action does not warrant the Court's authorization of a non-statutory remedy for plaintiffs' alleged Fifth Amendment violations; 2) the plaintiffs, as a matter of law, have not been deprived of a property interest in violation of the Due Process Clause; and 3) defendant Turner is immune from suit, despite his actions, under the doctrine of qualified immunity. For the reasons stated below, defendant Turner's motion is denied.

In Count IV of plaintiffs' complaint (plaintiffs' complaint alleges Title VII and ADEA violations by the U.S. Army), plaintiffs allege that defendant Turner deprived them of their property interest in violation of the Due Process Clause of the Fifth Amendment. All parties agree that defendant Turner did, in fact, order the destruction of certain documents produced by the investigation of a "reconstructed panel". Plaintiffs aver that these documents contain the results of the reconstructed panel and that defendant Turner destroyed evidence in connection with the processing of their discrimination complaints. They further aver that they are without an adequate remedy for this wrong under the available Title VII and ADEA procedures and that defendant Turner's knowing and willful act deprives him of any immunity.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that (he) is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See all Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983); *Vette Co. v. Aetna Casualty and Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). The burden is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Buller*, 706 F.2d at 846.

Plaintiffs have pled a federal tort cause of action against defendant Turner alleging deprivation of a property interest in violation of the Fifth Amendment. A direct federal civil suit for a constitutional violation, seeking monetary damages against the responsible federal official, was first recognized in *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Since *Bivens*, the Supreme Court has fine-tuned the scope of the "constitutional tort". *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). A *Bivens*-type action can be defeated by two fact situations: 1) where "special factors counseling hesitation in the absence of affirmative action by congress" exists; and 2) some type of

alternative form of judicial relief exists, especially an exclusive alternative remedy. *Carlson,* supra; *Davis,* supra.

Defendant Turner relies heavily on the recent Supreme Court case of *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), in which upon consideration of the *Carlson* and *Davis* principles, the Court refused to create a *Bivens*-type cause of action for a federal employee seeking damages under the First Amendment for retaliatory demotion. After careful and extensive analysis, the Court held that there was no need to create a new federal tort cause of action because the Civil Service Commission's regulations adequately provided the plaintiff with a remedy. "Constitutional challenges to agency action, such as the First Amendment claims raised by petitioner, are fully cognizable within this system." *Bush v. Lucas,* 103 S.Ct. at 2415, 76 L.Ed.2d at 662.

Such a situation does not exist in the present case. Count IV of the plaintiffs' complaint seeks to remedy a wrong committed outside the context of their employment discrimination claims. Plaintiffs are alleging tortious interference with the ongoing investigatory processing of their EEO complaints. Plaintiffs' injuries relate to their discrimination claims but do not directly stem from actions taken in regard to their employment status. Instead, plaintiffs' cause of action is the type Justices Marshall and Blackman considered in their concurring opinion when they stated:

"Moreover, there is nothing in today's decision to foreclose a federal employee from pursuing a *Bivens* remedy where his injury is not attributable to personnel actions which may be remedied under the federal statutory scheme."

*Bush v. Lucas,* 103 S.Ct. at 2418, 76 L.Ed.2d at 666.

The Court finds here that plaintiffs are without redress as to defendant Turner's actions in the absence of a constitutional remedy. Title VII and the ADEA simply are not designed to adequately provide relief to the plaintiffs under the circumstances of this case. The remedial system provided under Title VII and the ADEA does not redress the intentional deprivation of a property interest as alleged by the plaintiffs. Plaintiffs have, therefore, adequately stated a claim upon which relief may be granted.

The second ground for dismissal sought by defendant Turner is that, as a matter of law, there has been no violation of the Fifth Amendment because no property interest exists under the circumstances outlined by the plaintiffs. Defendant Turner avers that plaintiffs were not entitled to the destroyed documents, therefore no deprivation of a property interest took place. Defendants counter by attempting to characterize their property interest as entitlement to having their complaints properly investigated, having access to the results of the EEOC investigation, and in having the agency render a decision based on all the results of the investigation.

The Supreme Court recently provided a thorough analysis of "property interests" protected by the Due Process Clause. *Logan v. Zimmerman Bush Co.,* 455 U.S. 422, 428–431, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982). The Court in *Logan* specifically found that "property" is that which an individual is legally entitled to possess and furthermore "the types of interests protected as 'property' are varied and, as often as not, intangible, relating 'to the whole domain of social and economic fact.'" *Logan,* at 430, 102 S.Ct. at 1155, citing numerous decisions finding "property interests" in a legal cause of action, a license, utility service, disability benefits, education, government employment, driver's license, and welfare benefits. By virtue of this analysis of past decisions, the *Logan* court held that the petitioner had a protected property interest in his right to use the FEPA's adjudicatory procedures. *Logan,* at 431, 102 S.Ct. at 1155.

Following the Supreme Court's more recent decisions analyzing the nature of a property interest, this Court cannot state, that as a matter of law, plaintiffs were not deprived of a property interest by defendant Turner's actions.

Finally, defendant Turner claims that although he admits to destroying (or at least ordering the destruction of) the documents in question, he is immune from suit under the doctrine of qualified immunity. He avers that even if the *Logan* decision were to characterize plaintiffs' allegations as a deprivation of a property interest, the *Logan* decision was rendered *after* his actions took place. He claims he cannot be held accountable for violating plaintiffs' property rights because it was not clearly established, at the time of the destruction, that a property right existed.

In a suit for damages arising from unconstitutional action, a federal official is entitled to the qualified immunity in *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). This entitlement is limited to the performance of discretionary functions and, as defendant Turner has pointed out, government officials are usually protected from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396.

On summary judgment, this Court may determine, not only the current applicable law, but whether the law was clearly established at the time an action occurred. *Harlow,* at 818, 102 S.Ct. at 2738. Assuming arguendo, that the law was not clearly established at the time the results of the reconstruction panel were destroyed, defendant Turner's defense of qualified immunity should be sustained. But as the *Harlow* court also emphasized "[i]mmunity generally is available only to officials performing *discretionary* functions" (emphasis added). *Id,* at 816, 102 S.Ct. at 2737. The parties cannot agree as to how to characterize the directive defendant Turner received from DARCOM. The Court has read the affidavits, depositions and exhibits submitted and finds that an issue of material fact still exists; whether the creation of the reconstruction panel was mandatory or discretionary under the circumstances in which the directive was given. The Court believes that the interpretation and application of the DARCOM directive is a question of fact requiring resolution by a jury.

Therefore,

IT IS HEREBY ORDERED that defendant Turner's motion to dismiss or for summary judgment be and is DENIED.